IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE HOPI TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00941 L |
| | ) | Judge Charles F. Lettow |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S SECOND UNOPPOSED MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT, AND [PROPOSED] ORDER**

Pursuant to Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), Defendant respectfully makes this second unopposed motion for extension of time, to and including August 27, 2007, within which to file its Answer or otherwise respond to the Complaint herein. The grounds for this unopposed motion are as follows:

1. Plaintiff filed this case on December 29, 2006. See Complaint, Doc. 1. Plaintiff's allegations relate to the trust accounting and trust management duties and responsibilities allegedly owed by Defendant to Plaintiff. Pursuant to a previous enlargement of time, Defendant is currently obligated to file its Answer or otherwise respond to the Complaint by May 29, 2007.

2. Since the filing of this lawsuit, Defendant's counsel, Anthony P. Hoang, has conferred by telephone with Plaintiff's counsel, Reid Peyton Chambers and Anne D. Noto, and, among other things, counsel for the parties have discussed and agreed that (a) they would explore the possibility of resolving Plaintiff's issues and claims through settlement discussions; (b) they would explore undertaking several activities, including informal requests and productions of relevant or potentially relevant documents and data, outside formal discovery in furtherance of moving the case forward

and facilitating possible settlement discussions; and (c) Defendant would seek enlargements of time within which to file its Answer or otherwise respond to the Complaint. Counsel for the parties have agreed that the parties would confer, among other things, about developing and implementing a joint, cooperative process for obtaining relevant or potentially relevant documents and data outside formal discovery processes so as to facilitate moving the case forward and exploring the possibility of settling this case.

3. Defendant and its counsel have been and continue to dealing with about 102 Tribal trust accounting and trust mismanagement lawsuits pending in this Court (56 cases, including this one),[1/] in the United States District Court for the District of Columbia (37 cases), and in the United States District Courts in Oklahoma (nine cases). See, e.g., Docket (Doc.) #5. Given the number of cases, especially those in this Court, Defendant holds the view that it would be in the best interests of the Tribes in litigation and Defendant to work together and, if possible, formulate and execute an appropriate joint and cooperative response to or method for handling or resolving the cases without the need for litigation, if possible. To that end, Defendant's counsel has been and continues to be working diligently with attorneys from the Solicitor's Office for the United States Department of the Interior and from the Chief Counsel's Office for the Financial Management Service of the United States Department of the Treasury (i.e., the federal agencies principally involved in the Tribal trust accounting and trust mismanagement issues and claims raised by the Tribes, including Plaintiff herein) and with counsel for most of the Tribes in the cases, to determine the feasibility of developing joint cooperative approaches for resolving the Tribes' issues and claims as an alternative

[1/] On May 22, 2007, upon unopposed motion by the plaintiff, the Court of Federal Claims dismissed Miami Tribe of Oklahoma v. United States, No. 06-cv-00939-ECH, without prejudice. This dismissal decreased the number of Tribal trust cases in this Court from 57 to 56.

to litigation. Defendant and Plaintiff plan to confer about the viability of such an approach in this case.

4. Counsel for the parties in this case have agreed that the parties need additional time to discuss and determine whether and how to develop a process for obtaining relevant or potentially relevant documents so as to advance the case and for exploring potential settlement of some or all of Plaintiff's issues and claims. Also, counsel have agreed that they need additional time to determine whether and how to proceed with this case and to so inform the Court. Further, according to its counsel, Plaintiff intends to file an amended Complaint in the near future.

5. Based on the foregoing, Defendant respectfully requests that the Court grant its unopposed motion to extend the current deadline for filing its Answer or otherwise responding to the Complaint, from May 29, 2007, to August 27, 2007.

6. Defendant's counsel, Mr. Hoang, conferred with Plaintiff's counsel, Ms. Noto, about this motion on May 23 and 25, 2007, and Ms. Noto authorized undersigned Defendant's counsel in writing on May 25, 2007, to state that Plaintiff does not oppose this motion.

7. The granting of this motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources. Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein.

WHEREFORE, Defendant respectfully requests that its unopposed motion for enlargement of time be GRANTED.

Respectfully submitted this 25th day of May, 2007,

MATTHEW J. McKEOWN
Acting Assistant Attorney General

*s/ Carol L. Draper*
CAROL L. DRAPER
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
MARTIN J. LALONDE
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Fax: (202) 353-2021

THOMAS KEARNS
United States Department of the Interior
Office of the Solicitor
Washington, D.C. 20240

RACHEL M. HOWARD
United States Department of the Treasury
Financial Management Service
Office of the Chief Counsel
Washington, D.C. 20227