IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE HOPI TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-941 L |
| | ) | Judge Lettow |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

Defendant United States hereby submits the following Answer to the Complaint. Defendant specifically denies each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1. The allegations in Paragraph 1 are Plaintiff's characterizations of this suit and conclusions of law to which no response is required.

## PARTIES

2. As to the allegations in Paragraph 2, Defendant admits that Plaintiff Hopi Tribe (Plaintiff or Tribe) is a federally recognized Indian tribe. The remaining allegations in Paragraph 2 are Plaintiff's characterizations and conclusions of law to which no response is required.

3. As to the allegations in Paragraph 3, Defendant admits that, pursuant to federal law, it holds certain funds and property in trust for Plaintiff. The remaining allegations in Paragraph 3 are Plaintiff's characterizations and conclusions of law to which no response is required.

## JURISDICTION

4. Paragraph 4 consists of conclusions of law to which no response is required. The cited statutes are the best evidence of their contents and speak for themselves.

5. As to the allegations in Paragraph 5, Defendant admits that Plaintiff occupies a Reservation in northern Arizona and that Defendant holds some lands on that Reservation in trust for the benefit of Plaintiff. Further, Defendant admits that some Tribal lands contain minerals and that some Tribal lands are suitable for grazing, agricultural and other purposes. The remaining allegations in the paragraph are Plaintiff's characterizations and conclusions of law to which no response is required.

6. Paragraph 6 consists of conclusions of law to which no response is required. The cited statute is the best evidence of its contents and speaks for itself.

7. The allegations in Paragraph 7 are conclusions of law to which no response is required. The cited statutes are the best evidence of their contents and speak for themselves.

8. As to the allegations in Paragraph 8, Defendant admits that it holds certain property in trust for Plaintiff, that the Secretary of the Interior has approved leases, easements, and grants of other interests in the Tribe's trust lands, and that Defendant has collected, deposited and invested certain funds generated by some of Plaintiff's non-monetary trust assets or trust property. The remaining allegations in the paragraph are Plaintiff's characterizations and conclusions of law to which no response is required.

9. As to the allegations in Paragraph 9, Defendant admits that it holds certain tribal lands in trust. The remaining allegations in the Paragraph are Plaintiff's characterizations and selective quotations from Court opinions and conclusions of law, to which no response is required.

The cited court decisions are the best evidence of their contents and speak for themselves.

10. Paragraph 10 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The law defining Defendant's trust obligations is the best evidence of its contents and speaks for itself.

11. Paragraph 11 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The law defining Defendant's trust obligations is the best evidence of it contents and speaks for itself.

12. As to the allegations in the first sentence of Paragraph 12, Defendant admits that the Secretary of the Interior maintains "books and records of account affecting Tribal trust funds," but denies the allegation that the United States "controls all" such records. The allegations in the second, third, and fourth sentences of the Paragraph are Plaintiff's characterizations and conclusions of law to which no response is required. Further, Defendant avers that the terms "audit" and "accounting," as used by Plaintiff in the second and third sentences, are vague and ambiguous, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that the Department of the Interior ("Interior") has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona (A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's

project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request. Defendant denies any remaining allegations in the paragraph.

13. Paragraph 13 consists of Plaintiff's selective quotations from and characterizations of findings of the Inspector General for the Department of the Interior, the United States General Accounting Office ("GAO"), and the United States Congress, to which no response is required. The findings and cited Congressional report are the best evidence of their contents and speak for themselves.

14. The first sentence of Paragraph 14 consists of Plaintiff's characterizations of its claims and conclusions of law, to which no response is required. As to the allegations in the second sentence about Congressional findings, the cited report is the best evidence of its contents and speaks for itself. Defendant avers that the term "accounting," as used by Plaintiff in the second sentence, is vague and ambiguous*, see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona

(A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request. Defendant denies any remaining allegations in the paragraph.

15. The allegations in Paragraph 15 are conclusions of law to which no response is required. The cited statutes are the best evidence of their contents and speak for themselves.

16. The allegations in Paragraph 16 are characterizations and conclusions of law and selective quotations from various Appropriations Acts, to which no response is required. The cited statutes are the best evidence of their contents and speak for themselves.

17. The allegations in Paragraph 17 are conclusions of law to which no response is required. The cited Act and statutes are the best evidence of their contents and speak for themselves.

18. The allegations in Paragraph 18 are conclusions of law and Plaintiff's characterizations of reports issued by the Inspector General of the Interior Department, the GAO, and the Office of Management and Budget, among others, to which no response is required. The cited reports are the best evidence of their contents and speak for themselves.

19. As to the allegations in Paragraph 19, Defendant admits that, in the early 1990's, the Bureau of Indian Affairs awarded a contract to Arthur Andersen, LLP, to conduct certain agreed upon procedures to reconcile certain tribal trust fund accounts.

20. Defendant admits the allegations in Paragraph 20.

21. The allegations in Paragraph 21 consist of Plaintiff's characterization of and selective

quotation from the Tribal Trust Funds Reconciliation Project report, to which no response is required. The report is the best evidence of its contents and speaks for itself.

22. The allegations in Paragraph 22 are Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes and GAO report are the best evidence of their contents and speak for themselves.

23. Paragraph 23 consists of Plaintiff's characterizations of the cited GAO report, to which no response is required. The report is the best evidence of its contents and speaks for itself. Further as to the allegations in the paragraph, Defendant avers that the terms "accounting," as used by Plaintiff, is vague and ambiguous, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona (A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request.

24. As to the allegations of Paragraph 24, Defendant admits that Interior requested that

Plaintiff provide an attestation about its account balances, based on the results of the Tribal Trust Funds Reconciliation Project report, and that Plaintiff submitted an "Attestation Form" dated October 1, 1996, indicating that the Tribe disputed the balance of certain accounts.

25. As to the allegations in Paragraph 25, Defendant avers that the term "accounting," as used by Plaintiff, is vague and ambiguous, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona (A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's trust funds and non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request. The remaining allegations in the paragraph are Plaintiff's characterizations and conclusions of law to which no response is required.

26. Paragraph 26 consists of Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes are the best evidence of their contents and speak for themselves.

**Count I**

**(Alleged Failure or Delay in Collecting Funds Due to Plaintiff)**

27. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 26 of the Complaint.

28. Paragraph 28 consists of Plaintiffs characterizations and conclusions of law to which no response is required.

29. Paragraph 29 consists conclusions of law to which no response is required.

**Count II**

**(Alleged Delay in Depositing Funds Due to Plaintiff)**

30. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 29 of the Complaint.

31. Paragraph 31 consists of Plaintiff's characterizations and conclusions of law to which no response is required.

32. Paragraph 32 consists of conclusions of law to which no response is required.

**Count III**

**(Alleged Holding of Plaintiff's Trust Funds in Treasury at Inadequate Interest Rates)**

33. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 32 of the Complaint.

34. As to the allegations in Paragraph 34, Defendant avers that Plaintiff's reference to "accounts paying interest at rates below rates that could have been obtained[,] had such funds been invested in other obligations of the Defendant and its agencies, of bank certificates or obligations guaranteed or secured as required by federal law bearing interest at higher rates" in Paragraph 34,

is vague and ambiguous, and that, as a result, Defendant is unable to formulate a specific response to the allegations. Further, the allegations in Paragraph 34 are Plaintiff's characterizations of its claims. Nevertheless, to the extent that a response to the allegations may be required, the allegations are denied.

35. Paragraph 35 consist conclusions of law to which no response is required.

**Count IV**

**(Alleged Investment at Inadequate Rates)**

36. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 35 of the Complaint.

37. Defendant admits the allegations in the first sentence of Paragraph 37. The allegations in the second sentence of the paragraph are Plaintiff's characterizations and conclusions of law to which no response is required.

**Count V**

**(Alleged Improper Expenditures from Interest-Bearing Accounts)**

38. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 37 of the Complaint.

39. The allegations in Paragraph 39 are Plaintiff's characterizations and conclusions of law to which no response is required

**Count VI**

**(Alleged Failure to Monitor Leases and Other Agreements to Ensure Accurate and Timely Payment of Compensation Due)**

40. Defendant incorporates by reference its responses to the allegations in Paragraphs

1 through 39 of the Complaint.

41. The allegations in Paragraph 41 are Plaintiff's characterizations and conclusions of law, to which no response is required.

42. The allegations in Paragraph 42 are Plaintiff's characterizations of its claims and conclusions of law, to which no response is required.

**Count VII**

**(Alleged Failure to Review Periodically and Adjust Compensation Due to Plaintiff Under Leases and Other Agreements with Third Parties)**

43. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 42 of the Complaint.

44. The allegations in Paragraph 44 are Plaintiff's characterizations and conclusions of law to which no response is required. Further, the referenced leases and other agreements are the best evidence of their contents and speak for themselves.

45. The allegations in Paragraph 45 are conclusions of law to which no response is required.

**Count VIII**

**(Alleged Duty to Account to Determine Amount of Damages)**

46. Defendant incorporates by reference its responses to the allegations in Paragraphs 1 through 45 of the Complaint.

47. The allegations in Paragraph 47 are conclusions of law to which no response is required.

48. As to the allegations in Paragraph 48, Defendant avers that the term "a full and complete accounting," as used by Plaintiff, is vague and ambiguous, *see, e.g.*, Bogert & Bogert,

Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona (A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's trust funds and non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request. The remaining allegations in the paragraph are Plaintiff's characterizations and conclusions of law to which no response is required.

49. As to the allegations in Paragraph 49, Defendant avers that the term "accounting," as used by Plaintiff, is vague and ambiguous, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds

Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona (A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's trust funds and non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request.

50. As to the allegations in Paragraph 50, Defendant avers that Plaintiff's use of the term "accounting" is vague and ambiguous, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982), and that, as a result, Defendant is unable to formulate a specific response to the allegations. Nevertheless, Defendant denies that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Defendant avers that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; (b) in 1996, a report prepared by Arthur Andersen LLP under contract to the United States, entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for Hopi Tribe of Arizona (A.K.A., The Hopi Tribe)" for Fiscal Years 1972-1992, which set forth the results of Interior's project to reconcile tribal trust accounts; and ( c) from 1995 to the present, periodic statements of account or performance for Plaintiff's trust fund monies received by Defendant. Also, Defendant avers that additional information regarding Plaintiff's trust funds and non-monetary trust assets or trust property historically has been and continues to be available to Plaintiff, upon request.

## PLAINTIFF'S CLAIMS FOR RELIEF

The remainder of the Complaint consists of Plaintiff's claims for relief, which are its

characterizations of its case and conclusions of law, to which no response is required.

**DEFENDANT'S GENERAL DENIAL**

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1. Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2. To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 *et seq*.).

3. Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent and any other equitable defenses. .

4. To the extent that Plaintiff asserts claims that it or its privies or predecessors in interest asserted or could have asserted in a prior adjudication in which a Court or tribunal of competent jurisdiction entered a final judgment, those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

5. Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6. Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 10th day of September, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ Carol L. Draper*
CAROL L. DRAPER
United States Department of Justice

Environment and Natural Resources Division
P.O. Box 663
Washington D.C. 20044-0663
Tel. (202) 305-0465
Fax (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 305-0241
Fax (202) 353-2021

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
Senior Counsel
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227