IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE HOPI TRIBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-00941 |
| | ) | Judge Charles F. Lettow |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PARTIES' JOINT STATUS REPORT AND JOINT MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO PREPARE AND FILE JOINT PRELIMINARY STATUS REPORT PURSUANT TO RCFC APPENDIX A**

Pursuant to the Court's Order of July 11, 2007, the parties submit the following Joint Status Report. Further, they jointly and respectfully make this joint motion for enlargement of time—to and including September 30, 2008—within which to prepare and submit their Joint Preliminary Status Report (JPSR) pursuant to Appendix A of the Rules of the Court of Federal Claims.

1. Plaintiff commenced this action on December 29, 2006 (Docket (Dkt.) #1), and, pursuant to various joint requests by the parties and court orders (Dkts. ##5, 6, 8, 10), Defendant timely filed its Answer on September 10, 2007 (Dkt. #11).

2. After the filing of this case, counsel for the parties conferred and agreed that they would (a) explore the possibility of resolving Plaintiff's issues and claims through settlement discussions; (b) use informal requests and productions of relevant or potentially relevant documents and data, outside formal discovery in furtherance of moving the case forward and facilitating possible settlement discussions; and (c) seek leave of Court to defer development of a proposed pretrial schedule for the case. Subsequently, counsel filed extension motions reflecting and seeking to implement this approach. Dkts. ##5, 8.

3. During the status conference on July 11, 2007, the parties discussed their proposed approach with the Court. By order dated July 11, 2007, the Court approved of the parties' proposal in part, denied it in part, and ordered that Defendant file its Answer on or before September 10, 2007, and that the parties file their JPSR on or before June 12, 2008. Dkt. #10.

4. After the issuance of the Court's order, Plaintiff retained certain experts to assist Plaintiff in this case. With the assistance of Plaintiff's experts, Plaintiff's counsel prepared and provided to Defendant's counsel an informal request for the production of certain documents and data that Plaintiff believed would be most relevant to the Tribe's principal claims in this case.

5. Within days of receiving Plaintiff's informal request, Defendant produced to Plaintiff one of the eight items requested by Plaintiff. Further, Defendant has been and continues to be taking steps to research, identify, locate, review, and obtain copies of the remaining items on Plaintiff's informal request. These items include records in the ownership, possession, custody, and/or control of the Minerals Management Service (MMS), the Bureau of Indian Affairs (BIA), the Bureau of Land Management (BLM), and the Bureau of Reclamation (BOR), of the United States Department of the Interior. Defendant has located and imaged or is imaging a large number of MMS documents requested by Plaintiff. After the imaging, Defendant will code the documents and submit them for privilege and confidentiality reviews by the Solicitor's Office of the Interior Department and for due diligence reviews by Defendant's counsel. Defendant currently expects to be able to begin producing to Plaintiff's counsel on a rolling basis the images of the documents that it has identified, located, and copied at the MMS office in Lakewood, CO, as being responsive to Plaintiff's request, within 60 days of the Court's issuance of an appropriate order, based on the parties' proposed joint stipulation, protecting the confidentiality of certain documents and data to be provided by Defendant

to Plaintiff.

6. As to the BIA, BOR, and BLM documents and data, Defendant's counsel and consultant are planning to visit the agency offices of BLM in Phoenix, AZ, at the end of June, 2008, to confer with agency officials and employees about this case and to review documents and data to determine their responsiveness to Plaintiff's request, and to develop preliminary time estimates for collecting, reviewing and providing copies or images of responsive documents or data to counsel for Plaintiff. Defendant is planning to schedule visits to BIA and BOR agency offices in the near future.

7. Counsel for the parties have been conferring periodically about the status of Defendant's informal document production efforts, and they expect to continue doing so as Defendant's work progresses.

8. As noted above, the parties have determined a need for a joint stipulation and proposed order to protect the confidentiality of certain documents and data to be produced by Defendant to Plaintiff in the course of this case. Accordingly, counsel for the parties have been and continue to be negotiating the terms and provisions of such a joint stipulation and proposed order. Plaintiff's counsel has provided to Defendant's counsel the latest draft of the joint stipulation and proposed order, which Defendant's counsel is reviewing. Counsel for the parties expect that they should be able to finalize, execute, and submit the joint confidentiality stipulation and proposed order to the Court for its review and determination, shortly.

9. Given the status of the work to date, the parties believe it would be useful, beneficial, and in their collective best interests to continue with their current informal discovery efforts and to explore and determine the possibility of settlement. Accordingly, the parties have agreed to make this joint motion for enlargement of time—to and including September 30, 2008—to prepare and

submit to the Court a JPSR pursuant to RCFC Appendix A. During that time, the parties have agreed that they would (a) continue with their efforts to pursue informal exchange and production of records, data and information relevant to the claims in the case towards possible settlement discussions, and (b) not file any dispositive motions. The parties respectfully submit that this approach would promote the interests of judicial economy and conservation of the Court's and the parties' resources.

Respectfully submitted this 12th day of June 2008,

RONALD J. TENPAS
Assistant Attorney General

REID PEYTON CHAMBERS
Sonosky, Chambers, Sachse, Endreson
& Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Tel: (202) 682-0240
Fax: (202) 682-0249

Attorney of Record for Plaintiff

OF COUNSEL:

ANNE D. NOTO
Sonosky, Chambers, Sachse, Endreson
& Perry, LLP
1425 K Street, N.W., Suite 600
Washington, D.C. 20005
Tel: (202) 682-0240
Fax: (202) 682-0249

CAROL L. DRAPER
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0465
Fax: (202) 353-2021

Attorney of Record for Defendant

OF COUNSEL:

JACOB T. HASEMAN
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0240
Tel: (202) 305-0241
Fax: (202) 353-2021

HOLLY H. CLEMENT
ERICKA THOMPSON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240